1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  JOCELYN BURTON (CSBN 135879)
   Assistant United States Attorney
4
       450 Golden Gate Avenue, P.O. Box 36055
5      San Francisco, California 94102-3495
       Telephone:    (415) 436-7198
6      Facsimile:    (415) 436-6748
       Email:        jocelyn.burton@usdoj.gov
7
   Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DENNIS T. MANGANO, PH.D., M.D., ) | Case No. C 05-2836 PJH |
| ) | |
| Plaintiff, ) | **E-FILING CASE** |
| ) | |
| v. ) | DEFENDANT'S NOTICE OF MOTION, |
| ) | MOTION AND MEMORANDUM OF |
| UNITED STATES OF AMERICA, ) | POINTS AND AUTHORITIES IN |
| ) | SUPPORT OF DEFENDANT'S MOTION |
| Defendant. ) | TO DISMISS |
| ) | |
| ) | Date: October 19, 2005 |
| ) | Time: 9:00 a.m. |
| _____ ) | Ctrm: Courtroom 3, 17th Floor |

## I. NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on October 19, 2005, at 9:00 a..m. before Honorable Phyllis J. Hamilton, 450 Golden Gate Avenue, Courtroom 3, 17th Floor, San Francisco, CA 94102, Defendant United States of America, by his attorney, Kevin V. Ryan, United States Attorney for the Northern District of California, will move this court for an order granting Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).

Said motion is made on the grounds that this Court lacks subject matter jurisdiction Plaintiff's claims under the Federal Tort Claims Act are barred by the Civil Service Reform Act. This motion is based on this Notice, the points and authorities in support of the motion, the declarations of Suzanne C. Will, Barbara Ann T. Konno, E. Douglas Bradshaw, Jr. and Angela Benzo Norman in support of this motion, the pleadings on file in this matter and on such oral argument as the Court may permit.

**II.　STATEMENT OF RELIEF**

Defendant requests an order dismissing Plaintiff's claims for lack of subject matter jurisdiction.

**III.　ISSUE TO BE DECIDED**

Whether Plaintiff's claims pursuant to the Federal Tort Claims Act must be dismissed because Plaintiff's claims are barred by the Civil Service Reform Act.

**IV.　STATEMENT OF FACTS**

On April 22, 2002, Plaintiff Dennis T. Magano filed a Standard Form 95, Claim For Damage, Injury or Death with the Department of Veterans Affairs in the amount of $10,490,000. (Exhibit D of Declaration Angela Benzo Norman ("Norman Decl.")). Plaintiff alleged that he was an anesthesiologist at the San Francisco Veterans Affairs Medical Center from July 1977 until May 2001. (pp. 2-3 of Exh D of Norman Decl.).

Among other things, Plaintiff alleged that after a problematic patient intubation on April 24, 2000, he was subjected to a emergency quality inquiry. (p. 3 of Exh. D of Norman Decl.). In addition, Plaintiff alleged that on May 17, 2000, he was relieved of his patient responsibilities until the Medical Center Director made a decision after a formal Administrative Board of Investigation to investigate his actions. ( p. 4 of Exh. D of Norman Decl.). Plaintiff alleged that on March 19, 2001, the hospital director notified he was being terminated from his position with the VA. (p. 6 of Exh. D of Norman Decl.). Plaintiff alleged that his termination was effective May 25, 2001. (*Id*.)

Plaintiff alleged that the Department of Veterans Affairs' true motive for terminating him was to retaliate against him for reporting in 1997 that an echocardiographic system purchased for use on high risk patients was used by some of the physicians for experiments on pigs. (p. 8 of Exh. D of Norman Decl.). Plaintiff also alleged that on May 17, 2000 he formally reported the substandard care of another patient who suffered a respiratory arrest and coma/stupor. (p. 9 of Exh. D of Norman Decl.).

On or about the first week of July, 2000, the Department of Veterans Affairs learned that the United States Office of Special Counsel was conducting an investigation on behalf of Mr. Magano. (Exh A. of Declaration of Suzanne C. Will ("Will Decl.")).

On October 22, 2002, Plaintiff submitted an amended claim for Damage, Injury or Death, to include a property damage claim in the amount of $150,000,000 and to increase his personal injury damages claim to $55,490,000 for a total sum certain amount of $205,490,000. (p. 2 of Exh. E of Norman Decl.).

On October 1, 2003, the Department of Veterans Affairs denied Plaintiff's administrative claim. (Exh. B of Will Decl.). Plaintiff submitted a request for reconsideration of the denial on March 11, 2004. (Exh. F of Declaration of E. Douglas Bradshaw Jr. ("Bradshaw Decl.")). The Department of Veterans Affairs denied Plaintiff's request for reconsideration on January 14, 2005. (Exh. G of Bradshaw Decl.).

On or about February 17, 2004, Mr. Magano filed an appeal of his termination with the Merit Systems Protection Board. (Exh. I of Declaration of Barbara Ann Konno)

## V.    ARGUMENT

### A.    THE COURT MAY CONSIDER EVIDENCE OUTSIDE OF THE PLEADINGS UNDER F.R.C.P. 12(B)(1).

Federal courts have limited subject matter jurisdiction and, unless a grant of jurisdiction affirmatively appears, a federal court is presumed to lack subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *National Treasury Employees Union v. Fed. Labor Relation Auth.*, 112 F.3d 402, 404 (9th Cir. 1997). Attacks on a court's subject matter jurisdiction are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). When a motion under Rule 12 is based on more than one ground, the court should consider the Rule 12(b)(1) motion first.

Rule 12(b)(1) jurisdictional attacks may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). With a factual Rule 12(b)(1) motion, the court may look beyond the face of the complaint to matters of record without converting the motion into one for summary judgment. *Id.*; *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987). Similarly, the court need not presume the truthfulness of the plaintiff's allegations. *White v. Lee*, 227 F.3d at 1242. Instead, the plaintiff bears the burden to establish that the court's subject matter jurisdiction has been properly invoked. *Thompson v. McCombe*, 99 F.3d 352, 343 (9th Cir. 1996); *Trentacosta*

*v. Frontier Pacific Aircraft Indus.*, 813 F.2d at 1558. If the jurisdictional motion involves factual issues which also go to the merits, the court should employ the standard applicable to a motion for summary judgment. *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d at 1558; *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983). Under this standard, the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d at 1559, *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

**B. PLAINTIFF'S CLAIMS UNDER THE FEDERAL TORT CLAIMS ACT ARE PRECLUDED BY THE CIVIL SERVICE REFORM ACT.**

Plaintiff attempts to state causes of action for intentional infliction of emotional distress and intentional interference with right to pursue lawful profession against the United States pursuant to California common law. These claims are precluded by the Civil Service Reform Act ("CSRA").

The CSRA provides federal employees with remedies if their employer engages in any prohibited personnel practice. 5 U.S.C. § 2302. The CSRA prohibits federal employees from, *inter alia*:

1. deceiving or willfully obstructing any person with respect to that person's right to compete for employment.
2. taking or failing to take, or threatening to take or failing to take, a personnel action with respect to any employee or applicant for employment because of –
    a. any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences
        i. a violation of any law, rule or regulation,
        ii. gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety,
    if such disclosure is not specifically prohibited by law and

       if such information is not specifically required by Executive order to be kept secret in the interest of national defense or the conduct of foreign affairs; or

  b. any disclosure to the Special Counsel, or to the Inspector General of an agency or another employee designated by the head of the agency to receive such disclosures, of information which the employee or applicant reasonably believes evidences –

    i. a violation of any law, rule, or regulation, or

    ii. gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.

*See* 5 U.S.C. § 2302.

Pursuant to 5 U.S.C. § 1211 *et. seq*, the Office of Special Counsel can investigate allegations of any prohibited personnel practice as well as gross mismanagement, gross waste of funds, abuse of authority, a substantial and specific danger to public health or safety, and a violation of any law, rule or regulation. In the case of a prohibited personnel practice, ordinarily the employee or former employee must seek corrective action from the Office of Special Counsel before appealing to the Merit Systems Protection Board. 5 U.S.C. § 1214(a)(3).

"In most cases where a federal employee has an employment-related grievance, he or she must pursue the remedies available under the C.S.R.A.. The C.S.R.A. provides a comprehensive scheme intended to balance the right of a federal employment-related grievances against the interest in promoting an efficiently run civil service." *Lehman v. Morrissey*, 779 F.2d 526, 527 (9th Cir. 1985)(court held that remedies in the CSRA precluded plaintiff's right to direct review of her claim of intentional infliction of emotional distress).

In *Kennedy v. United States Postal Service*, 145 F.3d 1077 (9th Cir. 1998), plaintiff alleged that her supervisor destroyed and altered medical records. *Id*. Plaintiff, an occupational

nurse, further alleged that when she complained about the destruction and alteration of medical records, she was terminated. *Id*. at 1077-1078. Plaintiff filed a tort claim against the United States. *Id*. at 1078. The court held that federal employees alleging employment-related tort claims subject to the CSRA may not bring an action under the FTCA. *Id*. This is true even where a particular litigant does not have a remedy available under the statutory scheme." *Id*.

In *Saul v. United States*, Saul charged common law torts of intentional infliction of emotional distress, defamation and invasion of privacy against the United States. *Saul v. United States*, 928 F.2d 829, 840 (9th Cir. 1991). The court held that the district court lacked subject matter jurisdiction over Saul's common law tort claims stating that:

> Insofar as the CSRA offered Saul remedies, his state claims must be preempted to prevent them from conflicting with the remedial system that Congress prescribed for federal employees. Even where the CSRA provided Saul no remedy, pre-emption of his work-related tort claims is necessary to fulfill congressional intent.

*Id*. at 843.

In *Rivera v. United States*, 924 F.2d 948 (9th Cir. 1991), where plaintiff alleged that she was harassed in retaliation for whistleblowing, the Ninth Circuit held that the Whistleblower Protection Act of 1989 does not authorize government employees to bring FTCA claims arising out of conduct addressed by the CSRA. *Id*. at 954.

In the instant case, Plaintiff has pursued his remedies under the Office of Special Counsel and the MSPB. Even if he had not, his claims would be precluded by the CSRA. Accordingly, Plaintiff's Complaint must be dismissed.

//
//
//
//
//

## VI.  CONCLUSION

For all the foregoing reasons, Plaintiff's Complaint must be dismissed.

Respectfully submitted,

KEVIN V. RYAN
United States Attorney

Dated: September 12, 2005

\_\_\_\_\_//ss//_____
JOCELYN BURTON
Assistant United States Attorney