# EXHIBIT B



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Regional Counsel
VA Medical Center, Building 210
4150 Clement Street
San Francisco, CA 94121
(415) 750-2288
FAX (415) 750-225

October 1, 2003

<u>CERTIFIED MAIL</u>
Return Receipt Requested

Mr. Daniel Marino
Preston Gates Ellis & Rouvelas Meeds LLP
1735 New York Avenue NW
Suite 500
Washington, D.C. 20006

**Re: Administrative Tort Claim of Dennis T. Mangano, Ph.D., M.D.**

Dear Mr. Marino:

This office has completed its investigation of the administrative tort claim filed by your client, Dennis T. Mangano, Ph.D, M.D.

The claim alleges:

> ...the reckless abuse of the Patient-Care Review process to achieve the end of irreversibly damaging a devoted clinician's ability to practice medicine, perform clinical research and teach, as he had for more than 22 years in the service of seriously ill Veteran patients.  The abuse was intentional, premeditated and orchestrated by a SFVA Service Chief (Brian Cason), the SFVA Chief of Staff (Diana Nicoll) and the SFVA Hospital Director (Sheila Cullen) over several years, culminating in a year-long barring of the physician from Veteran patient care, and even contact with his peers and co-investigators, under the pretense of an investigation of a 'serious patient care incident'....
>
> The course of conduct by VA personnel, involving a gross abuse of the QA process, constituted an intentional and/or negligent infliction of emotional distress, an intentional interference with my right to practice my profession, and a civil conspiracy, as well as other tortuous conduct.

Additionally, your client infers that the decision to convene an ABI and related conduct by SFVAMC personnel were motivated by two issues: a formal complaint he made in 1997 regarding the unauthorized "clandestine" use, by an SF VAMC physician, of an echocardiographic system on animals in a contaminated area; and the 05/17/00 report by your client of substandard care of another patient who suffered a respiratory arrest and coma/stupor.

1   **EXHIBIT B**

In this claim, your client seeks property damages in the amount of $150,000,000.00, for the alleged devaluation of his membership interest in Advanced Genomic Therapeutics Company, LLC, a California limited liability company (AGTC), personal injury damages in the amount of $55,490,000.00 ($50,350,000.00 for loss of income, including past income and future income from comparable pharmaceutical employment, $5,000,000.00 for pain, suffering and embarrassment, and $140,000.00 for legal fees) for a total sum certain damages amount of $205,490,000.00.

The conduct which forms the basis of this claim involves a "personnel action". A "personnel action" is defined as "any appointment, promotion, disciplinary or corrective action, detail, transfer or reassignment, reinstatement, restoration, reemployment, performance evaluation, decision concerning pay or benefits and the like, decision to order psychiatric examination, and any other significant change in duties, responsibilities, or working conditions. *See* 5 USC 2302(a)(2)(A)(i)-(ix). Accordingly, your client's claim is precluded from being brought under the Federal Tort Claims Act (FTCA), as it is preempted by the Civil Service Reform Act (CSRA), codified at various sections of Title 5 of the United States Code. Thus, the CSRA's administrative procedures, and not the FTCA, are your client's exclusive means of redress.

Moreover, the negligent or wrongful acts alleged by your client in this claim fall within the discretionary function exception to the FTCA, 28 USC 2680(a), which provides, in pertinent part:

> The provisions of this chapter and section 1346(b) of this title shall not apply to:
>
> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance of the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

The above-referenced claim filed by your client is preempted by the CSRA and may not be asserted under the FTCA. As a result, this claim is hereby denied.

If your client is dissatisfied with this decision, he may file a request for reconsideration of his claim against VA with the VA General Counsel by any of the following means: (1) he may mail his request to the Department of Veterans Affairs, General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; (2) he may file his request by data facsimile (fax) to (202) 273-6385; or (3) he may e-mail his request to OGC.torts@mail.va.gov. To be timely filed, VA must <u>receive</u> this request prior to the expiration of 6 months from the date of the mailing of this final denial. Upon filing such a request for reconsideration, VA shall have 6 months from the date of that filing in which to make final disposition of the claim, and your client's option to file suit in an appropriate U.S. District Court under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of such request for reconsideration (28 C.F.R. Section 14.9).

In the alternative, if your client is dissatisfied with the action taken on his claim, he may file suit in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If your client does initiate such a suit, you are further advised that the proper party defendant is the United States, not VA.

Sincerely yours,

Suzanne C. Will
Regional Counsel